# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GIBSON ENTERPRISES INCORPORATED,
a California Corporation,

        Plaintiff,

   vs.                                     CIVIL NO. 99-376 RLP/LCS

REFRIGERATION TECHNOLOGY, INC.,
a New Mexico Corporation,

        Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON ALL COUNTS

THIS MATTER having come before the Court on the Plaintiff's Motion for Summary Judgment on all Counts (**Docket No. 8**), the Court having read said motion, the memoranda in support of and in opposition to said motion and otherwise being fully advised, finds that the motion is well taken and shall be **granted.**

A district court may enter summary judgment for a party when the motion papers, affidavits and other evidence submitted to the Court show that no genuine issue exists as to a material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A district court's role pursuant to a Rule 56(c) motion is narrowly limited to assessing whether a genuine issue exists as to material facts that

would require a trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The party moving for summary judgment always has the burden of proof. This burden then shifts to the non-moving party to show that a genuine issue of material fact remains for the Court to resolve. *Celotex Corp. v Catrett,* 477 U.S. 317 (1986).

This is a contract case. There is no dispute that the plaintiff and the defendant formed a contract on an open account for the plaintiff to supply the defendant with processed fiberglass. Further, there is no dispute that the defendant received the fiberglass from the plaintiff and did not pay for the fiberglass. Furthermore, the plaintiff's rendition of the invoices and the dates of payment for those invoices is not disputed. In fact, the only disputed fact by the defendant is the defendant's obligation to pay pre-judgment interest and whether the Court will apply the New Mexico pre-judgment interest rate of 15%. The defendant argues that this statute does not apply because pursuant to the contract between plaintiff and defendant, the plaintiff was to be paid in California and therefore California law applies, citing *Roswell Drainage Dist. v. Parker,* 53 F.2d 793, 797 (10th Cir. 1931). (The judgment rate of interest is determined under the law of the state where the contract is to be performed). In that case, the Court focused on the nature of bearer bonds as independent obligations and concluded that since the bearer bonds were payable in Illinois, the interest rate would be determined under Illinois law. In the present case, the contract was generally to be

2

performed in the state of New Mexico. The fiberglass was ordered here and delivered here. Only the payment obligations would technically be concluded in the state of California. Therefore, the Court concludes that this contract was performed in the state of New Mexico and therefore, New Mexico law applies.[1]

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion for Summary Judgment on all Counts is granted.

**IT IS SO ORDERED.**

  _____
RICHARD L. PUGLISI
United States Magistrate Judge
Sitting by designation

Paul M. Kienzle, III, Esquire - Attorney for Plaintiff
David M. Overstreet, Esquire - Attorney for Defendant

---

[1] It should be noted that the defendant admitted that the law of the state of New Mexico governed this case in its answer. Defendant's reply to plaintiff's Complaint for Money Owed and on Open Account at ¶5. (Docket No. 4).